IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT NEW YORK

| | |
|---|---|
| **JAMES GIBBS, on behalf of himself and all others similarly situated,**<br><br>       **Plaintiff,**<br> -against-<br><br>**STP JJ TEAM I, LLC,**<br><br>       **Defendant.** | Case No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff James Gibbs, individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff and other current and former Assistant Managers or Assistant Store Managers (collectively, "ASMs"), who worked more than 40 hours in any workweek at any Jimmy John's store owned by Franchisee, as defined herein, in the United States, from three years before the date this Complaint was filed, until the entry of judgment in this matter, for all ASMs who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA (the "FLSA Collective").

2. This action also seeks to recover overtime compensation under the New York Labor Law, Article 19 §§ 650 *et seq.* ("NYLL") for Plaintiff and other current former ASMs who worked more than 40 hours in any workweek at any Jimmy John's store owned by Franchisee, as defined herein, from six years before the date this Complaint was filed until the entry of judgment in this matter, pursuant to Fed. R. Civ. P. 23 (the "NY Class").

1

## THE PARTIES

3. Plaintiff James Gibbs ("Plaintiff") is a resident of Rochester, New York.

4. Defendant STP JJ Team I, LLC ("Defendant") is a Minnesota company whose registered office is located at 7845 3rd Street N, Suite 211, Oakdale, Minnesota 55128.

5. Defendant owns and operates Jimmy John's franchised locations under one or more franchise agreements with Jimmy John's Franchise, LLC.

6. Plaintiff worked for Defendant as an ASM through March 2016, at the Henrietta, New York store owned by Defendant.

7. Plaintiff is a covered employee under the FLSA.

8. Defendant was Plaintiff's employer under the FLSA.

## JURISDICTION & VENUE

9. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in this district because Defendant conducts business in this district and a substantial part of the events giving rise to the claims occurred in this district.

11. Defendant is subject to personal jurisdiction in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as ASMs at any time from three years from the date of filing this Complaint, until the entry of judgment in this case (the "Collective Action Period") (collectively, the "Collective Action Members").

13. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other ASMs.

14. There are many similarly-situated current and former ASMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

15. The similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's records.

## NY CLASS ALLEGATIONS

16. Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to prosecute his NYLL claims as a class action on behalf of all persons who are or were formerly employed by Defendants as ASMs (collectively, the "NY Class Action Members") at any time from six years from to the entry of judgment in this case (the "Class Action Period").

17. The persons in the NY Class are so numerous that their joinder is impracticable.

18. Plaintiff's claims are typical of the claims of the NY Class. He is an adequate representative to fairly prosecute the interests of the Class, and has retained competent counsel to advance the interests of the NY Class. And, there are questions of law and fact common to the NY Class, which predominate over any questions solely affecting the individual members of the NY Class, including but not limited to:

    a. whether Defendants have a policy of misclassifying ASMs as "exempt" employees and denied them overtime compensation;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by the NY Class;

3

  c. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

  d. whether Defendants have failed and/or refused to pay the NY Class overtime wages for hours worked more than forty (40) hours per work week within the meaning the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

  e. the nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

  f. whether Defendants are liable for all damages claimed in this matter, including but not limited to compensatory, punitive and statutory damages, interest, costs, disbursements, and attorneys' fees; and

  g. whether Defendants have acted or refused to act on grounds generally applicable to the NY Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NY Class as a whole.

19. A class action in superior to other methods of adjudicating the NYLL misclassification claims set forth in this case.

## STATEMENT OF FACTS

20. Defendant employed Plaintiff, the NY Class, and Collective Action Members as ASMs.

21. Defendant maintained control, oversight, and discretion over the operation of all its restaurants, including its employment practices with respect to the ASMs.

22. Plaintiff's and the ASMs' work was performed in the normal course of Defendant's business and was integrated into it.

4

23. Consistent with the Defendant's policy, pattern, and practice, Plaintiff and all other similarly situated ASMs regularly worked more than 40 hours per workweek without being paid overtime wages, in violation of the FLSA and/or NYLL. Plaintiff worked an average of 50 hours per workweek. An example of one such week is February 21 through February 27, 2016.

24. Defendant assigned all the work ASMs performed, or was aware of all the work they have performed.

25. The primary duties of ASMs required little skill and no capital investment.

26. The primary duties of ASMs did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

27. Regardless of the store in which they worked, ASMs' primary job duties included:

   a. preparing food;
   b. helping customers;
   c. bussing tables;
   d. cleaning the restaurant;
   e. checking to make sure that supplies were properly shelved; and
   f. checking inventory.

28. Regardless of the store in which they worked, ASMs' primary job duties did not include:

   a. hiring;
   b. firing;
   c. disciplining other employees;
   d. scheduling;
   e. supervising and delegating; or
   f. exercising meaningful independent judgment and discretion.

29. The primary duties of ASMs were manual in nature. The performance of manual labor duties occupied the majority of their working hours.

30. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all ASMs as exempt from coverage of the overtime provisions of the FLSA and NYLL.

31. Upon information and belief, Defendant did not perform a person-by-person analysis of the ASMs' job duties when making the decision to classify them (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA and NYLL.

32. Defendant's unlawful conduct was willful or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, or practice of attempting to minimize labor costs by violating the FLSA and/or NYLL. Defendant knew that ASMs were not performing activities that complied with any FLSA or NYLL exemption and, as a result of Defendant's close affiliation with substantial corporate entities, is aware of its obligations under the FLSA and NYLL. Accordingly, Defendant acted willfully or recklessly in failing to classify Plaintiff and other similarly-situated ASMs as non-exempt employees.

33. Defendant was aware, or should have been aware, through its management-level employees, that ASMs were primarily performing non-exempt duties. Defendant knew, or recklessly disregarded, that the FLSA and NYLL required it to pay employees primarily performing non-exempt duties, an overtime premium for hours worked more than 40 per workweek.

34. Accordingly, Defendant's unlawful conduct was willful or, in reckless disregard, of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized,

company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and NYLL.

35. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA or NYLL with respect to ASMs. This policy, pattern, or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiff, the NY Class, and the Collective Action Members, as exempt from the requirements of the FLSA or NYLL;

    b. willfully failing to pay Plaintiff, the NY Class, and the Collective Action Members, overtime wages for hours that they worked in excess than 40 hours per week; and

    c. willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt ASMs to perform non-exempt tasks.

36. Defendant's willful violations of the FLSA and NYLL are further demonstrated by the fact that during the Class and Collective Action Periods, and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiff, the NY Class, and the Collective Action Members. Defendant acted recklessly or, in willful disregard of, the FLSA and NYLL by instituting a policy and practice that did not allow Plaintiff, the NY Class, and the Collective Action Members to record all hours worked.

**FIRST CAUSE OF ACTION**
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff Gibbs and the FLSA Collective**

37. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and the production of goods for commerce, within the meaning

7

of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ, each of the Collective Action Members within the meaning of the FLSA.

39. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

40. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

41. The overtime wage provisions, set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

42. At all relevant times and continuing to the present, Defendant had a policy and practice of refusing to pay overtime compensation to its ASMs and, similarly-situated employees in comparable positions but holding different titles, for all hours worked in excess of 40 hours per workweek.

43. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

45. As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its restaurants, Defendant knew or, recklessly disregarded, the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

46. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendant's actual knowledge, through its managerial employees/agents, that the primary duties of the Plaintiff and the Collective Action Members was manual labor and included other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were exempt job duties constituted their primary job duties, Defendant instituting a policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, and Defendant's failure to post and keep posted a notice explaining the minimum wage and overtime wage requirements, Defendant knew, or showed reckless disregard, that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

47. As a result of Defendant's FLSA violations, Plaintiff on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover from Defendant an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover from Defendant their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

48. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
## NYLL – Unpaid Overtime Wages
## On Behalf of Plaintiff Gibbs and the NY Class

49. At all relevant times, Plaintiff and the NY Class Members were employees of Defendant, and Defendant was an employer within the meaning of the NYLL.

50. Defendant misclassified Plaintiff and NY Class Members as exempt from the overtime provisions of the NYLL and failed to pay them overtime for hours worked in excess of 40 in a workweek.

51. Plaintiff and NY Class Members consistently worked more than 40 hours in a workweek without being paid overtime compensation.

52. Plaintiff and NY Class Members are entitled to unpaid overtime under the NYLL as well as all other relief provided by law.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief on behalf of himself and all others similarly-situated:

A. Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. Certification of this action as a class action under Fed. R. Civ. P. 23 on behalf of the NY Class Action Members;

C. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and NYLL, using the following methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

D. Equitable tolling of the FLSA statute of limitations as a result of Defendant's failure to post requisite notices under the FLSA;

E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA

F. An injunction under the NYLL requiring Defendant to cease its unlawful practices;

G. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA and NYLL;

H. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

I. An award of prejudgment and post-judgment interest;

J. An award of costs and expenses of this action together with reasonable attorney's fees and expert fees and an award of a service payment to the Plaintiff; and

K. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: _____
Seth R. Lesser
Fran L. Rudich
Christopher M. Timmel
**Klafter Olsen & Lesser LLP**
Two International Drive, Suite 350
Rye Brook, New York 10573
T. (914) 934-9200
F. (914) 934-9220

E. seth@klafterolsen.com
   fran@klafterolsen.com
   Christopher.Timmel@klafterolsen.com

Justin M. Swartz
Michael Litrownik
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
T. (212) 245-1000
F. (212) 977-4005
E. jms@outtengolden.com
   mlitrownik@outtengolden.com

Drew Legando
**Landskroner Grieco Merriman LLC**
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com

*Counsel for Plaintiff*